UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G&W PARK CONDO
ASSOCIATION,

    Plaintiff,

v.                                        Case No: 2:21-cv-664-SPC-MRM

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**[1]

    Before the Court is G&W Park Condo Association's Amended Motion to Remand (Doc. 14), and Scottsdale Insurance Company's Response (Doc. 15). This is an insurance dispute. Scottsdale insured four buildings contained within the same commercial properly complex in Port Charlotte, Florida. On April 10, 2021, the four buildings sustained wind damage; G&W Park submitted a claim to Scottsdale; Scottsdale refused to pay the claim because the covered damage is less than the deductible; and G&W sued. Scottsdale removed based on diversity jurisdiction. (Doc. 1). Now, G&W Park seeks

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

remand, contending the amount in controversy is insufficient. The Court denies the Amended Motion.

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity exists. 28 U.S.C. §§ 1332(a), 1441(a). When a complaint does not specify damages—as here—the removing party must prove amount in controversy by preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). But removal statutes are strictly construed with doubts resolved in favor of remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014). The amount in controversy is determined at the time of removal. *Pretka,* 608 F.3d at 751.

Scottsdale removed based on G&W Park's own damages estimate for over $286,000, prepared by G&W Park's public adjuster, and submitted in support of G&W Park's claim. (Doc. 1-6). G&W Park provided the 22-page, detailed estimate, explaining each charge for replacement of the roofs. Courts regularly consider detailed roofing estimates to establish amount in controversy. *E.g., Rocca v. Nat'l Specialty Ins.,* No. 2:20-cv-64-FtM-38MRM, 2020 WL 6036882, at *2 (M.D. Fla. Feb. 24, 2020). Although G&W Park points to Scottsdale's pre-suit settlement offer of only $40,000, "a defendant's

settlement offer is not evidence of a low amount in controversy because, as is the case here, such an offer is likely to reflect defendant's belief that the plaintiff may be unable to establish liability." *Wilt v. Depositors Ins.*, 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *8 (M.D. Fla. Nov. 26, 2013). Finally, in passing, G&W Park mentions a deductible, which can reduce the amount in controversy. *Stefchack v. GeoVera Specialty Ins.*, No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at *3 (M.D. Fla. Aug. 26, 2020). Yet, even applying the deductible ($43,000) to the estimate, the amount in controversy is still met.

In short, the Court finds Scottsdale met its burden to establish amount in controversy by a preponderance of the evidence.

Accordingly, it is now

**ORDERED:**

Plaintiff's Amended Motion to Remand (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 9, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record